[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Crangle v. Summit Cty. Common Pleas Court*, Slip Opinion No. 2020-Ohio-4871.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4871

THE STATE EX REL. CRANGLE, APPELLANT, *v*. SUMMIT COUNTY COMMON PLEAS COURT, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Crangle v. Summit Cty. Common Pleas Court*, Slip Opinion No. 2020-Ohio-4871.]

*Mandamus—Inmate had adequate remedy at law to challenge his sentence on direct appeal—Court of appeals' dismissal of petition affirmed.*

(No. 2020-0329—Submitted July 7, 2020—Decided October 15, 2020.)

APPEAL from the Court of Appeals for Summit County, No. 29569, 2020-Ohio-368.

_____

**Per Curiam.**

Appellant, Thomas Charles Crangle, appeals the judgment of the Ninth District Court of Appeals dismissing his petition for a writ of mandamus. Crangle sought a writ of mandamus to compel appellee, Summit County Common Pleas

Court, to vacate what he alleges to be a void prison sentence and to impose a different one. We affirm.

## Background

In February 2007, Crangle pleaded guilty to one count of rape and was sentenced to life imprisonment with parole eligibility after ten years. The trial court also adjudicated Crangle to be a sexual predator. In November 2007, the trial court entered a nunc pro tunc judgment of conviction changing some of the wording in the previous judgment of conviction but imposing the same sentence and sexual-predator designation. The Ninth District affirmed Crangle's conviction on direct appeal. *State v. Crangle*, 9th Dist. Summit No. 24033, 2008-Ohio-5703.

In November 2010, the trial court entered a nunc pro tunc order correcting the November 2007 judgment of conviction to specify that Crangle's sentence included five years of mandatory postrelease control. In the same order, the trial court denied Crangle's motion to withdraw his guilty plea. The denial of Crangle's motion to withdraw his plea was affirmed on appeal. *State v. Crangle*, 9th Dist. Summit No. 25735, 2011-Ohio-5776. In neither his direct appeal nor the motion to withdraw his guilty plea did Crangle challenge the legality of his sentence.

Crangle commenced this mandamus action in the Ninth District in October 2019. He sought a writ of mandamus compelling the trial court to "vacate his void sentence * * * and impose a sentence that is authorized by statute." The trial court filed a motion to dismiss the petition under Civ.R. 12(B)(6), which Crangle opposed. The trial court argued that mandamus was unavailable because Crangle had an adequate remedy at law by way of appeal. The Ninth District granted the trial court's motion and dismissed the action. Crangle has appealed to this court as of right.

## Analysis

A court may dismiss a mandamus action under Civ.R. 12(B)(6) "if, after all factual allegations of the complaint are presumed true and all reasonable inferences

are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. We review de novo a lower court's dismissal under Civ.R. 12(B)(6). *State ex rel. Green v. Wetzel*, 158 Ohio St.3d 104, 2019-Ohio-4228, 140 N.E.3d 586, ¶ 7.

To obtain a writ of mandamus, Crangle must show (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the trial court to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *Id.* at ¶ 8. In this case, Crangle attempts to satisfy the first two requirements by arguing that his sentence is void because life imprisonment was not a statutorily authorized punishment at the time he was sentenced.

As the Ninth District held, this court's recent decision in *Green* is dispositive of Crangle's claim to extraordinary relief in mandamus. In that case, Green—like Crangle—was sentenced to a definite term of life imprisonment for rape. He sought a writ of mandamus, arguing that his sentence was void because the court had improperly sentenced him to a definite term of life imprisonment and had failed to properly notify him of his postrelease-control sanction. In affirming the dismissal of Green's mandamus action, we held that the issue of the allegedly void sentence of life imprisonment was not reviewable in mandamus. *Green* at ¶ 10. Because sentencing errors are reviewable on direct appeal, Green had adequate remedies at law that precluded extraordinary relief in mandamus. *Id.*; *see also State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3.

This case is no different. Crangle could have asserted his challenge to his definite life sentence in his direct appeal. The availability of that remedy bars Crangle's mandamus claim, and the Ninth District was correct to dismiss it.

Crangle attempts to distinguish *Green* by arguing that Green's sentence was merely voidable whereas Crangle's is void. But Green raised the same argument

that Crangle is raising here—that his sentence was "void," in part because he had received a definite life sentence that was not authorized by statute. *See Green* at ¶ 3-4.

But even if Crangle's distinction were accurate, he is wrong to characterize his sentence as "void," such that it may be collaterally attacked in mandamus. As this court has recently clarified, "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Harper*, __ Ohio St.3d __, 2020-Ohio-2913, __ N.E.3d __, ¶ 42; *see also State v. Henderson*, ___ Ohio St.3d ___, 2020-Ohio-4784, ___ N.E.3d ___, ¶ 1 ("sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant"). Crangle does not argue that the trial court lacked personal or subject-matter jurisdiction in his criminal case; he argues instead that the trial court imposed a sentence that was not authorized by statute. This assertion of error challenges the exercise of jurisdiction and, if true, would render Crangle's sentence voidable, not void. *See Henderson* at ¶ 1. His case therefore falls within the general rule that mandamus is not an appropriate remedy to challenge sentencing errors. *See Ridenour*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, at ¶ 3.

For these reasons, the Ninth District was correct to dismiss Crangle's mandamus petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

———————————

Thomas Charles Crangle, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellee.

January Term, 2020

_____