**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Hamilton Cty. Clerk of Courts*, Slip Opinion No. 2022-Ohio-477.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-477

THE STATE EX REL. HARRIS, APPELLANT, *v.* HAMILTON COUNTY CLERK OF COURTS ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Hamilton Cty. Clerk of Courts*, Slip Opinion No. 2022-Ohio-477.]**

*Mandamus—Petition for writs to compel the trial court to vacate the petitioner's sentence and resentence him and to compel the clerk of the trial court to return funds paid as a fine and court costs—Court of appeals' judgment dismissing petition affirmed.*

(No. 2021-0796—Submitted November 9, 2021—Decided February 22, 2022.)

APPEAL from the Court of Appeals for Hamilton County, No. C-210241.

————————————

**Per Curiam.**

**{¶ 1}** Appellant, Lionel Harris, appeals the First District Court of Appeals' dismissal of his petition for a writ of mandamus or procedendo. Harris sought writs ordering (1) appellee Hamilton County Court of Common Pleas to vacate his

sentence and resentence him and (2) appellee Hamilton County Clerk of Courts to return funds paid as a fine and court costs.  We affirm.

### I. Factual and Procedural Background

{¶ 2} Harris was convicted in 1992 of aggravated murder.  Judge Donald Schott, a visiting judge, presided over Harris's criminal trial and pronounced Harris's sentence in open court as "life imprisonment with parole eligible with [sic] after serving 20 years and $25,000."  The sentencing entry was signed by Judge Thomas Nurre on behalf of Judge Schott.  The entry read:

> Defendant is sentenced to be imprisoned in Department of Corrections
>
> > FOR A TERM OF LIFE
> > (ELIGIBLITY FOR PAROLE IN TWENTY (20) YEARS)
> > PAY COSTS.
> > ($25,000.00 FINE)

(Capitalization sic.)

{¶ 3} In 2013, Harris filed an action for writs of prohibition and mandamus in the First District, seeking to have his sentence declared void because Judge Nurre signed the sentencing entry despite not having presided over the trial.  *See State ex rel. Harris v. Hamilton Cty. Court of Common Pleas*, 139 Ohio St.3d 149, 2014-Ohio-1612, 9 N.E.3d 1057, ¶ 5.  We affirmed the First District's dismissal of that action because "signing a judgment entry of conviction is a ministerial act when the assigned judge has already imposed sentence and the entry correctly reflects that sentence and the assigned judge's name."  *Id.* at ¶ 9.  Thus, Judge Nurre's signing the sentencing entry on behalf of Judge Schott did not void Harris's sentence.

2

**{¶ 4}** Harris commenced this action on April 12, 2021, again challenging the sentencing entry. This time, Harris alleges that the costs and the fine were not validly imposed. Harris contends that Judge Nurre "imposed ***costs*** upon [him,] transformed Judge Schott's vague reference of $25,000 into a $25,000 ***fine*** and imposed a ***differently worded*** sentence than Judge Schott's sentence." (Boldface and italics sic.) Harris seeks writs of mandamus ordering (1) the common pleas court to vacate his sentence and resentence him under a valid judgment and (2) the clerk of courts to return funds paid by Harris.[1]

**{¶ 5}** The common pleas court and clerk filed a motion to dismiss the petition for failure to state a valid claim in mandamus, which Harris opposed. The First District granted the motion, and Harris appealed to this court as of right.

## II. Analysis

**{¶ 6}** We review de novo the court of appeals' dismissal of Harris's mandamus action for failure to state a claim upon which relief can be granted. *See State ex rel. Crangle v. Summit Cty. Common Pleas Court*, 162 Ohio St.3d 488, 2020-Ohio-4871, 165 N.E.3d 1250, ¶ 5. To prevail on his mandamus claim, Harris must show (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the appellees to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *Id.* at ¶ 6.

**{¶ 7}** Harris contends that he is entitled to a new sentencing hearing and a refund of monies paid to the clerk of courts because the trial court did not properly impose the fine and court costs specified in the sentencing entry. His claim for relief relies on the premise that the trial court lacked jurisdiction to include terms in the sentencing entry that Judge Schott did not pronounce at the sentencing hearing. But even if we were to accept the premise that Judge Nurre imposed court

---

1. Harris captioned his petition in the First District as an action for "writ of mandamus/procedendo." However, Harris sought only a writ of mandamus in the body of his petition, and his brief in this court does not argue for relief in procedendo.

costs and a fine that Judge Schott did not include in Harris's sentence, that inconsistency would not render Harris's sentence void.

{¶ 8} A sentence is void—and subject to collateral attack in an extraordinary writ action—when the sentencing court lacked jurisdiction over the subject matter of the case or personal jurisdiction over the accused. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42; *see also State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 1 (plurality opinion) ("sentences based on an error * * * are voidable if the court imposing the sentence has jurisdiction over the case and the defendant"). Harris does not argue that the trial court lacked personal or subject-matter jurisdiction in his criminal case; he argues instead that the sentencing entry was inconsistent with the sentence pronounced in court. This argument challenges the trial court's exercise of jurisdiction, and if the challenge were valid, it would render Harris's sentence voidable, not void. *See Crangle* at ¶ 10. This case therefore falls within the general rule that a mandamus action is not an appropriate vehicle for challenging sentencing errors. *Id.*

{¶ 9} For these reasons, the court of appeals correctly dismissed Harris's petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER, J., not participating.

————————

Lionel Harris, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellees.

————————