**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mitchell v. Pittman*, Slip Opinion No. 2022-Ohio-2542.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2542

THE STATE EX REL. MITCHELL, APPELLANT, *v.* PITTMAN, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mitchell v. Pittman*, Slip Opinion No. 2022-Ohio-2542.]**

*Mandamus—A Court of appeals' judgment dismissing a relator's mandamus complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is a final, appealable order over which the Supreme Court of Ohio has appellate jurisdiction—Ohio's common pleas courts have original jurisdiction over all criminal offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in inferior courts—Extraordinary relief is not available to attack the validity or sufficiency of a charging instrument—Court of appeals' judgment affirmed.*

(No. 2022-0173—Submitted May 24, 2022—Decided July 27, 2022.)

APPEAL from the Court of Appeals for Portage County,

No. 2021-P-0072, 2022-Ohio-106.

_____

**Per Curiam.**

{¶ 1} Appellant, James E. Mitchell, appeals the Eleventh District Court of Appeals' judgment dismissing his complaint for a writ of mandamus to compel appellee, Portage County Common Pleas Court Judge Laurie J. Pittman, to vacate his convictions for burglary and gross sexual imposition. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In October 1993, a Portage County grand jury indicted Mitchell on one count of rape under R.C. 2907.02(A)(2) and (B) and one count of aggravated burglary under R.C. 2911.11(A)(1) and (B). In February 1994, Mitchell pleaded guilty to "burglary, an aggravated felony of the second degree" under R.C. 2911.12(A)(1) and gross sexual imposition under R.C. 2907.05(A)(4), a felony of the third degree. In the journal entry memorializing the guilty pleas, however, the trial court stated that Mitchell had pleaded guilty to burglary under R.C. 2911.12(A)(1)(C), a nonexistent section of the statute, and gross sexual imposition under R.C. 2907.05*(A)(1)* instead of R.C. 2907.05*(A)(4)*.[1]

{¶ 3} Prior to sentencing, Mitchell filed a motion to withdraw his guilty pleas. In June 1994, the trial court denied the motion and sentenced Mitchell to 3 to 15 years in prison for burglary under R.C. 2911.12(A)(1), "as amended" in the indictment, and two years in prison for gross sexual imposition under R.C. 2907.05(A)(4), "as amended" in the indictment. The sentences were ordered to be served concurrently. The Eleventh District affirmed the trial court's denial of

---

1. The version of R.C. 2907.05(A)(1) in effect at the time of the offenses stated: "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he offender purposely compels the other person, or one of the other persons, to submit by force or threat of force." Former R.C. 2907.05(A)(1), Sub.S.B. No. 31, 145 Ohio Laws, Part I, 342, 346. And the version of R.C. 2907.05(A)(4) in effect at the time of the offenses forbade the sexual contact when "[t]he other person, or one of the other persons, [was] less than thirteen years of age, whether or not the offender kn[ew] the age of that person." Former R.C. 2907.05(A)(4), Sub.S.B. No. 31, 145 Ohio Laws, Part I, 342, 346. The transcript of Mitchell's arraignment indicates that the victim of the gross-sexual-imposition offense was 61 years old at the time of the offense.

Mitchell's motion to withdraw his guilty pleas. *State v. Mitchell*, 11th Dist. Portage No. 94-P-0070, 1995 WL 411830, *3 (June 23, 1995).

{¶ 4} In April 2019, Mitchell filed in the trial court a "Motion to Correct Journal Entry, Motion for Resentencing Pursuant to Crim.R. 43(A), [and] Motion for [a] Final Appealable Order Pursuant to Crim.R. 32(C) and R.C. 2505.02."[2] He also filed a "Motion for Corrected Sentencing Entry" in July 2019. Mitchell alleged that the trial court's entry memorializing his guilty pleas and the sentencing entry incorrectly stated that he had pleaded guilty to an *amended* indictment and to gross sexual imposition in violation of R.C. 2907.05*(A)(1)*. The trial court denied the motions, and the Eleventh District affirmed in part, *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 94-97.

{¶ 5} The court of appeals affirmed the trial court's denial of Mitchell's motion for a final, appealable order and motion for resentencing. *Id.* at ¶ 43-76. However, it reversed the trial court's denial of Mitchell's motions to correct the journal entry memorializing his guilty pleas and to correct the sentencing entry. *Id.* at ¶ 80-89. It determined that "the plea and sentencing entries both contain clerical mistakes" that were correctable under Crim.R. 36. *Mitchell* at ¶ 84. The court of appeals remanded the matter to the trial court with instructions for it to (1) issue a nunc pro tunc entry memorializing Mitchell's guilty pleas that "deletes the reference to 'the amended indictment' " and "replaces the citation to 'R.C. 2907.05(A)(1)' with 'R.C. 2907.05(A)(4)' " and (2) issue a nunc pro tunc sentencing entry stating that Mitchell was convicted of gross sexual imposition

2. Mitchell also filed several postconviction motions in the trial court in 2016 and 2017. The trial court denied them all, and the court of appeals affirmed. *See State v. Mitchell*, 11th Dist. Portage Nos. 2017-P-0007 and 2017-P-0009, 2017-Ohio-8440, ¶ 50.

under R.C. 2907.05(A)(4) and burglary under R.C. 2911.12(A)(1) and that "deletes the phrases" referring to any "amended" counts. *Mitchell* at ¶ 91.[3]

{¶ 6} On January 29, 2021, the trial court entered the nunc pro tunc entries ordered by the court of appeals.

{¶ 7} Mitchell filed an original action in the Eleventh District on July 15, 2021, seeking a writ of mandamus to compel Judge Pittman to vacate his convictions for burglary and gross sexual imposition. Judge Pittman filed a motion to dismiss Mitchell's complaint under Civ.R. 12(B)(6) for failure to state a valid claim for relief, which Mitchell opposed. The court of appeals granted the motion to dismiss, 2022-Ohio-106, ¶ 12, and Mitchell appealed that judgment to this court as of right.

## II. ANALYSIS

{¶ 8} This court reviews a court of appeals' dismissal of a mandamus complaint under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. Dismissal is appropriate if it appears beyond doubt, after presuming all factual allegations in the complaint as true and drawing all reasonable inferences in the relator's favor, that the relator can prove no set of facts entitling him to extraordinary relief in mandamus. *Id.* To prevail on his mandamus complaint, Mitchell must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) Judge Pittman has a clear legal duty to provide it, and (3) Mitchell lacks an adequate remedy in the ordinary course of the law. *See id.* at ¶ 9.

---

3. The court of appeals acknowledged that Mitchell arguably could not be resentenced because he had fully served his sentences as to the burglary and gross-sexual-imposition convictions. *Mitchell* at ¶ 36-42. The court also observed that Mitchell appeared to be incarcerated only on convictions not at issue in this matter. *Id.* at ¶ 37, citing *State v. Mitchell*, 9th Dist. Summit No. 17029, 1995 WL 678624 (Nov. 15, 1995). However, because the record before the court of appeals did not show that the Ohio Adult Parole Authority had issued a "certificate of final release" related to Mitchell's burglary and gross-sexual-imposition convictions in Portage County, the court determined that the trial court retained jurisdiction to resentence Mitchell on those offenses. *Id.* at ¶ 41-42.

### A. Final, Appealable Order

{¶ 9} In his first proposition of law, Mitchell suggests that this court might be required to dismiss this appeal for lack of a final, appealable order. He posits that the judgment of conviction did not dispose of the charges in the indictment, thus preventing the judgment from being a final, appealable order. *See State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572, ¶ 6. This argument is without merit.

{¶ 10} This case is not an appeal from Mitchell's convictions in the trial court. It is an appeal from the court of appeals' dismissal of Mitchell's complaint for a writ of mandamus. A court of appeals' dismissal of a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is a final, appealable order over which this court has appellate jurisdiction. *See State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 175, ¶ 8; *see also* Ohio Constitution, Article IV, Section 2(B)(2)(a)(i).

### B. Trial Court's Subject-Matter Jurisdiction

{¶ 11} In his second proposition of law, Mitchell argues that he is entitled to mandamus relief because the trial court lacked subject-matter jurisdiction to accept his guilty pleas and to sentence him for the offenses to which he pleaded guilty. Mitchell contends that he was indicted for aggravated burglary under R.C. 2911.11(A)(1) and (B) and rape under R.C. 2907.02(A)(2) and (B), but that he pleaded guilty to different offenses—burglary under R.C. 2911.12(A)(1) and gross sexual imposition under R.C. 2907.05(A)(4). Mitchell argues that those convictions are void because he was not indicted for the offenses to which he pleaded guilty.

{¶ 12} Mitchell's argument does not raise a valid challenge to the trial court's subject-matter jurisdiction. Ohio's common pleas courts have original jurisdiction over "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common

pleas." R.C. 2931.03. This includes subject-matter jurisdiction over felony cases. *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8.

{¶ 13} In this case, Mitchell has essentially challenged the validity of his indictment, not the subject-matter jurisdiction of the trial court. Extraordinary relief is not available to attack the validity or sufficiency of a charging instrument; Mitchell had an adequate remedy through a direct appeal by which to raise his current arguments. *See State ex rel. Elko v. Suster*, 110 Ohio St.3d 212, 2006-Ohio-4248, 852 N.E.2d 731, ¶ 3. Consequently, Mitchell cannot obtain a writ of mandamus to compel Judge Pittman to vacate his convictions. *See id.*; *see also State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 6 (the manner by which an accused is charged is procedural rather than jurisdictional).

### C. Factual Basis for the Gross-Sexual-Imposition Conviction

{¶ 14} In his third proposition of law, Mitchell challenges his conviction for gross sexual imposition. He argues that the trial court lacked subject-matter jurisdiction to accept his guilty plea to a violation of R.C. 2907.05(A)(4), which applies when the victim was under 13 years of age at the time of the offense. The record before us indicates that Mitchell's victim was 61 years old at the time of the offense.

{¶ 15} Mitchell's claim is not cognizable in mandamus. The offense to which he pleaded guilty was within the subject-matter jurisdiction of the trial court. *See* R.C. 2931.03. Even if the trial court's acceptance of the guilty plea to the gross-sexual-imposition offense was improper, such error is a nonjurisdictional matter that Mitchell could have raised on direct appeal or in postconviction proceedings. *See Pollock v. Morris*, 35 Ohio St.3d 117, 518 N.E.2d 1205 (1988) (validity of a guilty plea is a nonjurisdictional matter that should be raised on appeal or in postconviction proceedings).

### III. CONCLUSION

{¶ 16} For the foregoing reasons, Mitchell has not alleged a valid claim in mandamus. His arguments implicate the trial court's exercise of jurisdiction over his criminal case, not the court's subject-matter jurisdiction. The court of appeals correctly dismissed Mitchell's mandamus complaint.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

James E. Mitchell, pro se.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Theresa M. Scahill, Assistant Prosecuting Attorney, for appellee.

_____