[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Christian v. Davis*, Slip Opinion No. 2023-Ohio-1445.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1445

CHRISTIAN, APPELLANT, *v.* DAVIS, WARDEN,[1] APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Christian v. Davis*, Slip Opinion No. 2023-Ohio-1445.]**

*Habeas corpus—Inmate failed to state a cognizable habeas claim—Court of appeals' dismissal of petition affirmed.*

(No. 2022-1205—Submitted February 7, 2023—Decided May 4, 2023.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2022-T-0051, 2022-Ohio-3201.

_____

**Per Curiam.**

{¶ 1} Appellant, Wayne Christian, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus against appellee, Anthony Davis, warden of the Trumbull Correctional Institution.  We affirm.

_____

1. Christian filed his petition against the former warden, Charmaine Bracy.  Pursuant to S.Ct.Prac.R. 4.06(B), Anthony Davis, the current warden, is automatically substituted as a party to this action.

## Background

**{¶ 2}** Christian is serving an aggregate 40-year prison sentence for nine convictions for felonious assault in violation of R.C. 2903.11(B)(3), which prohibits a person with knowledge of the person's HIV status from engaging in sexual conduct with a minor who is not the offender's spouse. His convictions and sentence were affirmed on direct appeal. *State v. Christian*, 7th Dist. Jefferson No. 07 JE 9, 2007-Ohio-7205.

**{¶ 3}** In 2022, Christian filed a petition in the Eleventh District seeking a writ of habeas corpus, arguing that R.C. 2903.11(B)(3) violates the Equal Protection Clauses of the Ohio and United States Constitutions. He further alleged that his classification as a sexual predator should be vacated because "he was convicted of no sex crime." The court of appeals granted the warden's motion to dismiss under Civ.R. 12(B)(6) for failure to state a valid claim for habeas relief. Christian timely appealed to this court as of right.

## Analysis

**{¶ 4}** We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *State ex rel. Slaughter v. Foley*, 166 Ohio St.3d 222, 2021-Ohio-4049, 184 N.E.3d 87, ¶ 8. Here, dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Christian's favor, it appears beyond doubt that he could prove no set of facts entitling him to a writ of habeas corpus and immediate release from prison. *See McDougald v. Bowerman*, 161 Ohio St.3d 268, 2020-Ohio-3942, 162 N.E.3d 762, ¶ 8. A writ of habeas corpus "is not available when the petitioner has an adequate remedy in the ordinary course of law, unless a trial court's judgment is void for lack of jurisdiction." *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8.

**{¶ 5}** Christian alleges that his imprisonment constitutes cruel and unusual punishment and violates his right to due process because R.C. 2903.11(B)(3) is unconstitutional. Habeas corpus will not lie for nonjurisdictional claims, such as Christian's equal-protection and due-process claims, that can be raised on direct appeal. *See Stevens v. Hill*, 168 Ohio St.3d 427, 2022-Ohio-2479, 199 N.E.3d 529, ¶ 8 (the inmate's "due-process and equal-protection claims are not cognizable in habeas corpus, because * * * they are nonjurisdictional claims for which he had an adequate remedy by way of appeal or postconviction relief").

**{¶ 6}** In passing, Christian reframes his claims in jurisdictional terms, arguing that because R.C. 2903.11(B)(3) is unconstitutional, the trial court lacked jurisdiction to sentence him. But challenging the trial court's *exercise* of jurisdiction is not the same as challenging the jurisdiction of a trial court to hear the case.

**{¶ 7}** R.C. 2931.03 allocates to common pleas courts subject-matter jurisdiction over all felony cases. As a result, here, the trial court had subject-matter jurisdiction over the case and personal jurisdiction over Christian. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26.

### Conclusion

**{¶ 8}** For these reasons, we affirm the court of appeals' judgment dismissing Christian's petition for a writ of habeas corpus.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Wayne Christian, pro se.

Dave Yost, Attorney General, and Lisa K. Browning, Assistant Attorney General, for appellee.

————————————