[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mitchell v. Fredrick*, Slip Opinion No. 2024-Ohio-1861.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1861

THE STATE EX REL. MITCHELL, APPELLANT, *v.* FREDRICK, WARDEN, ET AL.,

APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mitchell v. Fredrick*, Slip Opinion No. 2024-Ohio-1861.]

*Habeas corpus—Inmate had adequate remedy in ordinary course of law through direct appeal to challenge validity of sentence, and trial court did not lack jurisdiction over his criminal case—Court of appeals' judgment dismissing petition affirmed.*

(No. 2023-0791—Submitted April 9, 2024—Decided May 16, 2024.)

APPEAL from the Court of Appeals for Marion County,

No. 9-23-06.

_____

**Per Curiam.**

**{¶ 1}** Appellant, James E. Mitchell, is incarcerated at the Marion Correctional Institution, serving a 160-year prison sentence imposed for a 1994

conviction in Summit County, which is to be served consecutively to a 3- to 15-year prison sentence imposed for a June 1994 conviction in Portage County. Mitchell appeals the Third District Court of Appeals' judgment dismissing his petition for a writ of habeas corpus against appellees, Warden George A. Fredrick[1] and the Ohio Adult Parole Board. The court of appeals held that Mitchell failed to allege a claim cognizable in habeas corpus and that he has or had an adequate remedy in the ordinary course of the law. We affirm that judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In June 1994, Mitchell entered a guilty plea to one count each of burglary and gross sexual imposition, and the Portage County Court of Common Pleas sentenced him to an aggregate prison term of 3 to 15 years. Mitchell appealed, arguing that the trial court erred in denying his motion to withdraw his guilty plea, but the court of appeals affirmed the judgment. *State v. Mitchell*, 11th Dist. Portage No. 94-P-0070, 1995 WL 411830, *3 (June 23, 1995). In that appeal, Mitchell did not challenge the jurisdiction of the trial court to sentence him. In November 1994, a Summit County jury found Mitchell guilty on two counts each of aggravated burglary and kidnapping and one count each of rape, felonious assault, and attempted rape. The trial court sentenced Mitchell to an aggregate maximum term of 160 years in prison and ordered Mitchell to serve that sentence consecutively to the sentence imposed by the Portage County trial court.

{¶ 3} In January 2023, Mitchell petitioned the Third District for a writ of habeas corpus, arguing that the Portage County trial court lacked jurisdiction when it sentenced him on his guilty plea to burglary and gross sexual imposition because "no judgment of conviction and sentence ha[d] been imposed" on him with regard to the indicted offenses of rape and aggravated burglary. He maintains that that prison sentence is void and thus the sentences imposed by the Summit County trial

_____

1. The current warden of the Marion Correctional Institution, Fredrick, is automatically substituted as appellee for the former warden, Harold May, under S.Ct.Prac.R. 4.06(B).

court are void. The warden and board filed a motion to dismiss the petition, arguing that Mitchell's maximum prison sentence of 160 years had not expired and that his claims were not cognizable in habeas corpus.

**{¶ 4}** The court of appeals granted the motion to dismiss, concluding that Mitchell failed to raise a cognizable claim in habeas corpus and failed to show that his prison sentence had expired and because Mitchell had adequate remedies in the ordinary course of the law to raise his claims.

## ANALYSIS

*Applicable legal standards*

**{¶ 5}** We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *State ex rel. Slaughter v. Foley*, 166 Ohio St.3d 222, 2021-Ohio-4049, 184 N.E.3d 87, ¶ 8. Dismissal is appropriate if it appears beyond doubt, after taking all allegations in the petition as true and making reasonable inferences in Mitchell's favor, that he can prove no set of facts entitling him to a writ of habeas corpus. *Orr v. Schweitzer*, 165 Ohio St.3d 175, 2021-Ohio-1786, 176 N.E.3d 738, ¶ 4.

**{¶ 6}** To obtain a writ of habeas corpus, Mitchell "must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement, *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120N.E.3d 776, ¶ 10." *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8. Habeas corpus will lie when the court that imposed the sentence of confinement patently and unambiguously lacked subject-matter jurisdiction. *Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8. But a writ of habeas corpus is precluded when a "petitioner has an adequate remedy in the ordinary course of law, unless a trial court's judgment is void for lack of jurisdiction." *Davis* at ¶ 8.

*Trial court's subject-matter jurisdiction*

**{¶ 7}** Ohio's common pleas courts have original jurisdiction over "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. This includes a common pleas court's subject-matter jurisdiction over felony cases. *See Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 (petitioner's habeas corpus claims were not cognizable, because common pleas court had subject-matter jurisdiction over felony cases). When a trial court has subject-matter and personal jurisdiction over the case and the defendant, respectively, any errors in sentencing are voidable—not void—and are not subject to collateral attack in an extraordinary writ action. *State ex rel. Harris v. Hamilton Cty. Clerk of Courts*, 168 Ohio St.3d 99, 2022-Ohio-477, 196 N.E.3d 777, ¶ 8.

**{¶ 8}** Mitchell claims in his petition that "[t]o date, as previously demonstrated, no judgment of conviction and sentence has been imposed on [him] due to the unresolved indicted counts in the Portage County case." According to Mitchell, because the Portage County trial court never entered a "final order" disposing of all charges, the prison sentences imposed by the Summit County trial court are also invalid because they were ordered to be served after and consecutively to the sentence imposed by the Portage County trial court. In his petition, Mitchell also argues that the board lacked jurisdiction to "subject [him] to its discretionary releasing authority and to order continued incarceration * * * as there is no valid judgment of conviction and sentence imposed granting such authority to the [board] pursuant to R.C. 2967.13(A)."

**{¶ 9}** Mitchell's arguments are not cognizable in habeas corpus. The Portage County trial court had subject-matter jurisdiction to accept Mitchell's guilty plea to burglary and gross sexual imposition and to sentence him accordingly. Any defects in the trial court's sentencing entry implicate the trial court's *exercise* of jurisdiction over Mitchell's criminal case, not the court's *subject-matter*

jurisdiction. *See Pollock v. Morris*, 35 Ohio St.3d 117, 117-118, 518 N.E.2d 1205 (1988) (validity of guilty plea is a nonjurisdictional matter that should be raised on appeal or in postconviction proceedings).

*Adequate remedies existed*

**{¶ 10}** In his fourth proposition of law, Mitchell attacks the court of appeals' determination that he had adequate remedies sufficient to preclude relief in habeas corpus, but the contents of his petition reveal the plethora of adequate remedies that Mitchell had, which he pursued. *See, e.g.*, *State v. Mitchell*, 11th Dist. Portage No. 2018-P-0047, 2019-Ohio-844; *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417; *see also State ex rel. Mitchell v. Pittman*, 169 Ohio St.3d 357, 2022-Ohio-2542, 204 N.E.3d 534, ¶ 13. Therefore, we hold that the court of appeals correctly dismissed Mitchell's petition based on adequate-remedy grounds.

*Mitchell's arguments on appeal*

**{¶ 11}** Mitchell's remaining arguments on appeal also lack merit. In his first proposition of law, Mitchell contends that the court of appeals mischaracterized his habeas claim. He posits that the court's reasoning was flawed as a result of its misunderstanding of his claim and that the dismissal was thus erroneous. But that argument lacks merit because the court of appeals accurately identified the issue that Mitchell raised in his petition, i.e., his allegations that his charges for rape and aggravated burglary remain unresolved and that no final judgment was entered by the Portage County trial court. *State ex rel. Mitchell v. May*, 3d Dist. Marion No. 9-23-06 (May 15, 2023).

**{¶ 12}** In his second and third propositions of law, Mitchell generally argues that the court of appeals wrongly dismissed his petition on the grounds that he failed to raise a claim cognizable in habeas corpus and he had adequate remedies in the ordinary course of the law. We have already discussed above why these

arguments fail. Therefore, we hold that the court of appeals correctly dismissed Mitchell's claim under Civ.R. 12(B)(6).

## CONCLUSION

{¶ 13} The Third District Court of Appeals' judgment dismissing Mitchell's petition for a writ of habeas corpus is affirmed.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

James E. Mitchell, pro se.

Dave Yost, Attorney General, and Katherine E. Mullin, Assistant Attorney General, for appellees.

_____