**[Cite as *Folley v. Chambers-Smith*, 2024-Ohio-2391.]**

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DEREK OLANDIS FOLLEY

    Petitioner

    v.

ANNETTE CHAMBERS-SMITH,
DIRECTOR OF ODRC

    Respondents

C.A. No.    24CA012077

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: June 24, 2024

PER CURIAM.

{¶1}  Derek Folley petitioned this Court for a writ of habeas corpus to compel Respondents, Annette Chambers-Smith and Warden Stephen Reynolds, to release him from custody.  Respondents moved to dismiss and Mr. Folley responded in opposition.  For the following reasons, this Court grants the motion to dismiss.

*Standard to Grant a Motion to Dismiss*

{¶2}  When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed it in this way, it appears beyond doubt that the petitioner can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.  With this standard in mind, we begin with the facts alleged in the petition.

*The Petition Asserts Four Bases for Relief*

**{¶3}** According to Mr. Folley's petition, he "is challenging the trial court final judgment in which the jury found **'The Petitioner'** guilty of Two out of the Three Counts to the indictment[.]" The petition alleges that he objected to multiple trial court errors, including "Double Jeopardy" and "Multiplicity Indictment" both before and after trial. He also moved to dismiss because his right to a speedy trial was violated, but, the petition contends, the trial court erred when it applied the wrong test and denied the motion. The petition alleges that the trial court's judgment is void because Mr. Folley was denied due process of law.

**{¶4}** The petition also contends that Mr. Folley has been held beyond the expiration of his sentence, another requirement for this Court to grant habeas corpus relief. According to the petition, if the trial court had sentenced him to 5 years in prison, instead of the 15 year sentence he received, or if the trial court had vacated his sentence pursuant to his "Multiplicty Indictment" argument, then Mr. Folley would have already served his maximum sentence.

*The Motion to Dismiss Should be Granted*

**{¶5}** Respondents moved to dismiss pursuant to Civ.R. 12(B)(6). They argued that the petition alleges trial court errors and habeas corpus does not provide a remedy for these claims that could have been raised in an appeal from the judgment of conviction. Respondents also noted that habeas corpus provides a remedy only when the petitioner is entitled to immediate release from confinement and, they argued, Mr. Folley would not be entitled to immediate release based on the petition's allegations. We agree with Respondents that the case should be dismissed.

**{¶6}** State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information. If the petition fails to state a

claim, this Court should dismiss it. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). For this Court to grant the writ, Mr. Folley must demonstrate that there is an unlawful restraint of his liberty and that he is entitled to immediate release from confinement. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996); *Plaza v. Black*, Slip Opinion No. 2024-Ohio-853, ¶ 4.

{¶7} Mr. Folley has alleged in his petition that he is entitled to the writ of habeas corpus because of four trial court errors: Double Jeopardy, speedy trial, Due Process, and sentencing. As will be discussed, habeas corpus does not provide a remedy for any of these alleged errors.

{¶8} To dismiss a petition under Civ.R. 12(B)(6), it must appear beyond doubt from the petition, after all factual allegations are presumed true and all reasonable inferences are made in favor of Mr. Folley, that he can prove no set of facts warranting relief. *State ex rel. Dehler v. Sutula, Judge*, 74 Ohio St.3d 33, 34 (1995). "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996); *Plaza*, 2024-Ohio-853, ¶ 4. In this case, appeal would have provided an adequate remedy for all of the errors alleged in the petition.

{¶9} We begin with the claim that Mr. Folley is entitled to the writ of habeas corpus because of a double jeopardy violation. The petition does not identify the alleged double jeopardy violation, but the specifics are not relevant to our decision. The Ohio Supreme Court has held that double jeopardy claims are not cognizable in habeas corpus. *See e.g. State ex rel. Steele v. Eppinger*, 147 Ohio St.3d 404, 2016-Ohio-5790, ¶ 4; *Elersic v. Wilson*, 101 Ohio St.3d 417, 2004-Ohio-1501, ¶ 3. Mr. Folley, like the petitioner in *Elersic*, had an adequate remedy in the ordinary course of law by way of appeal to raise a double jeopardy claim.

{¶10} We now turn to Mr. Folley's claim for relief because of the alleged violation of his right to a speedy trial. The Supreme Court has held that speedy trial claims are also not cognizable in habeas corpus. *Id.* Mr. Folley had an adequate remedy at law to move to dismiss his indictment and appeal to raise his alleged speedy-trial violation. *Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, ¶ 6-7. Because he had an adequate remedy at law, the alleged speedy trial violation cannot be raised in a habeas corpus action.

{¶11} Next, we consider Mr. Folley's claim that he was denied due process of law. This claim is based on the alleged double jeopardy violation and denial of the right to a speedy trial. In other words, Mr. Folley alleges that his right to due process was violated by these other trial court errors. The Ohio Supreme Court has held, however, that habeas corpus does not provide a remedy for nonjurisdictional claims that can be raised on direct appeal. *Christian v. Davis*, 171 Ohio St.3d 329, 2023-Ohio-1445, ¶ 5; *Bell v. McConahay*, 171 Ohio St.3d 564, 2023-Ohio-693, ¶ 12. Thus, his alleged due process claim cannot support the grant of a writ of habeas corpus.

{¶12} Finally, we conclude with Mr. Folley's claim that he is entitled to the writ of habeas corpus because the trial court erred in imposing sentence. The petition contends that the sentencing errors resulted in a void sentence. The petition did not allege, however, that the sentencing court lacked jurisdiction over the offense or personal jurisdiction over him. To the contrary, the remedy Mr. Folley sought was simply to recognize that the trial court's alleged sentencing error resulted in a sentence that was too long, not that the trial court lacked jurisdiction to impose a sentence.

{¶13} Thus, Mr. Folley argued that the trial court erred in imposing sentence. His "argument challenges the trial court's exercise of jurisdiction, and if the challenge were valid, it would render [his] sentence voidable, not void." *State ex rel. Harris v. Hamilton Cnty. Clerk of Courts*, 168 Ohio St.3d 99, 2022-Ohio-477, ¶ 8. Mr. Folley's argument is not cognizable in habeas

corpus. *State ex rel. Mitchell v. Fredrick*, Slip Opinion No. 2024-Ohio-1861, ¶ 9. The Supreme Court has held that sentencing errors are not jurisdictional and, therefore, they cannot be raised in habeas corpus. *Stevens v. Hill*, 168 Ohio St.3d 427, 2022-Ohio-2479, ¶ 8. The Supreme Court further recognized that presenting these "sentencing-error claims as constitutional claims does not change the outcome" because the claims are nonjurisdictional and appeal provides an adequate remedy to raise any error. *Id.* Accordingly, the alleged sentencing error cannot support granting the writ of habeas corpus.

*Conclusion*

{¶14} Habeas corpus does not provide a remedy for the claims alleged in the petition. Considering all of the allegations in Mr. Folley's petition as true, they are insufficient to warrant habeas corpus relief. Respondents' motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Folley.

{¶15} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

 

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DEREK FOLLEY, Pro Se, Petitioner.

DAVE YOST, Attorney General, and LISA K. BROWNING, Senior Assistant Attorney General, for Respondents.