[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Stevens v. Hill*, **Slip Opinion No. 2022-Ohio-2479.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2022-OHIO-2479**

**STEVENS, APPELLANT, *v*. HILL, WARDEN, APPELLEE.**

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Stevens v. Hill*, **Slip Opinion No. 2022-Ohio-2479.**]

*Habeas corpus—Court of appeals correctly denied writ because petitioner's prison sentence had not expired, sentencing court did not patently and unambiguously lack subject-matter jurisdiction, and petitioner otherwise had an adequate remedy in the ordinary course of the law by which to pursue his claims—Court of appeals' judgment affirmed.*

(No. 2021-1596—Submitted May 24, 2022—Decided July 21, 2022.)

APPEAL from the Court of Appeals for Marion County, No. 9-21-27.

_____

**Per Curiam.**

{¶ 1} Appellant, Jeffrey E. Stevens, appeals the Third District Court of Appeals' dismissal of his petition for a writ of habeas corpus.  Because Stevens's claims are not cognizable in habeas corpus, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** Stevens is an inmate at the Marion Correctional Institution, where appellee, Leon Hill, is the warden.  In 1996, Stevens was convicted of one count of aggravated murder, one count of attempted aggravated murder, three counts of aggravated robbery, one count of having weapons while under a disability, and six firearm specifications.  The trial court sentenced Stevens to a "life term" in prison for the aggravated-murder conviction, 15 to 25 years for the attempted-aggravated-murder conviction, 15 to 25 years for each of the aggravated-robbery convictions, and three to five years for the weapons-under-disability conviction.  The trial court merged the six firearm specifications into one and imposed a three-year, consecutive prison term for the specification.  The court ordered that the sentences on all counts be served "consecutive[ly] to each other."

**{¶ 3}** On August 24, 2021, Stevens filed a petition for a writ of habeas corpus in the Third District, demanding his release from prison.  He alleged that (1) the trial court had lacked the power to impose on him a life term in prison for aggravated murder without including in that sentence that he would be eligible for parole after serving 20 years and (2) the aggravated-robbery counts were allied offenses of similar import that should have been merged for sentencing.  Hill filed a motion to dismiss under Civ.R. 12(B)(6) and/or summary judgment under Civ.R. 56(C), which Stevens opposed.  The court of appeals granted Hill's motion to dismiss, determining that Stevens's petition failed to state a valid claim for relief in habeas corpus.

**{¶ 4}** Stevens appealed to this court as of right.

## II.  ANALYSIS

**{¶ 5}** This court reviews de novo a court of appeals' Civ.R. 12(B)(6) dismissal of a habeas corpus petition. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5.  Dismissal is appropriate if it

appears beyond doubt from the petition, after taking all factual allegations as true, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus. *Orr v. Schweitzer*, 165 Ohio St.3d 175, 2021-Ohio-1786, 176 N.E.3d 738, ¶ 4.

{¶ 6} Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8. Habeas corpus is not available when the petitioner has or had an adequate remedy in the ordinary course of the law unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8.

{¶ 7} Stevens's maximum sentence—life in prison—has not expired. And Stevens acknowledged in his petition that under *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, his sentences are not void. *See id.* at ¶ 1 (trial court's failure to impose statutorily authorized sentence renders the judgment voidable, not void); *see also Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10 (allied-offense claims are nonjurisdictional and therefore are not cognizable in habeas corpus). Stevens contends, however, that he is entitled to habeas relief because the sentences violate his rights to due process and equal protection.

{¶ 8} "[S]entencing errors are not jurisdictional and, therefore, not cognizable in habeas corpus." *Turner* at ¶ 11. Stevens's dressing up his sentencing-error claims as constitutional claims does not change the outcome here. Stevens's due-process and equal-protection claims are not cognizable in habeas corpus because, like his sentencing-error claims, they are nonjurisdictional claims for which he had an adequate remedy by way of appeal or postconviction relief.

*See Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 3; *Thomas v. Huffman*, 84 Ohio St.3d 266, 267, 703 N.E.2d 315 (1998).

{¶ 9} Stevens also argues that imprisoning him on an invalid sentence violates his constitutional rights to be free from cruel and unusual punishment. But this argument does not implicate the sentencing court's jurisdiction. Moreover, the unconstitutionality of a sentence is a matter that may be raised at the time of its imposition or on direct appeal. *State v. Juliano*, 24 Ohio St.2d 117, 119-120, 265 N.E.2d 290 (1970). Stevens, therefore, may not obtain habeas relief under this theory.

{¶ 10} Finally, Stevens argues that his allegedly illegal sentence was the product of constitutionally ineffective trial counsel and appellate counsel. Claims of ineffective assistance of counsel, however, are not cognizable in habeas corpus. *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7.

### III. CONCLUSION

{¶ 11} For the foregoing reasons, the court of appeals correctly dismissed Stevens's petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Jeffrey E. Stevens, pro se.

Dave Yost, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

————————————