[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Norman v. Collins*, Slip Opinion No. 2023-Ohio-975.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-975

THE STATE EX REL. NORMAN, APPELLANT, *v*. COLLINS, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Norman v. Collins*, Slip Opinion No. 2023-Ohio-975.]

*Habeas corpus—Unless a trial court's judgment is void for want of jurisdiction, a writ of habeas corpus will not issue when petitioner has or had adequate remedy in ordinary course of the law—Court of appeals' judgment affirmed.*

(No. 2022-0843—Submitted January 10, 2023—Decided March 29, 2023.)

APPEAL from the Court of Appeals for Pickaway County, No. 22CA7.

_____

**Per Curiam.**

{¶ 1} Appellant, Redan R. Norman, an inmate at the Pickaway Correctional Institution ("PCI"), appeals the judgment of the Fourth District Court of Appeals dismissing his complaint for a writ of habeas corpus against appellee, Emma Collins, the warden of PCI. Also pending is Norman's motion to supplement his

merit brief with additional documents. We deny the motion to supplement and affirm the judgment of the court of appeals.

## I. Background

{¶ 2} In 1998, a Franklin County grand jury indicted Norman on two counts of aggravated murder and one count of kidnapping. Each count carried a firearm specification. The jury convicted Norman on all counts and the trial court sentenced him to life in prison without the possibility of parole. Norman appealed, and the Tenth District Court of Appeals affirmed Norman's convictions and sentence. *State v. Norman*, 10th Dist. Franklin No. 99AP-398, 2000 WL 775620 (Dec. 23, 1999).

{¶ 3} In March 2022, Norman filed a petition for a writ of habeas corpus in the Fourth District Court of Appeals. He alleged that his conviction in Franklin County was void due to a lack of venue because the crimes occurred in Fairfield County. He also accused the former Franklin County prosecuting attorney of suborning perjury to cover up the state's inability to prove that venue was proper in Franklin County. Norman alleged that he was entitled to immediate release from prison and dismissal of all charges.

{¶ 4} The court of appeals dismissed the petition for failure to comply with the filing requirements in R.C. 2969.25 and 2725.04. 4th Dist. Pickaway No. 22CA7 (June 2, 2022). Norman appealed to this court as of right. At the same time that Norman filed his merit brief, he also filed a motion for leave to supplement his brief with additional documents. Collins filed a merit brief but did not address the motion.

## II. Legal analysis

### A. *The motion to supplement*

{¶ 5} In his motion, Norman seeks leave to supplement his brief with three documents "that [were] not made a part of the record" in the court of appeals. The documents appear to be offered in support of Norman's claim that the proper venue to try the case was Fairfield County, not Franklin County.

{¶ 6} A litigant is not permitted to add evidence to the record for the first time on appeal. *State ex rel. Barnette v. Hill*, __ Ohio St.3d __, 2022-Ohio-2469, __ N.E.3d __, ¶ 14. S.Ct.Prac.R. 16.09(A) permits an appellant to "prepare and file a supplement to the briefs that contains those portions of the record necessary to enable the Supreme Court to determine the questions presented." Norman cites this rule as authority for his motion. But S.Ct.Prac.R. 16.09(A) merely authorizes an appellant to submit copies of relevant documents *already in the record*. It does not authorize a party to add documents to the record that were not presented to the lower court. *See also State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 16 ("A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter").

{¶ 7} We deny the motion for leave to supplement.

### B. The habeas corpus appeal

{¶ 8} We review de novo a court of appeals' judgment dismissing a petition for a writ of habeas corpus. *Davis v. Hill*, 166 Ohio St.3d 516, 2022-Ohio-485, 187 N.E.3d 543, ¶ 6. The court of appeals dismissed Norman's petition solely on the basis that he had failed to comply with the procedural requirements of R.C. 2969.25 and 2725.04. We affirm the court of appeals' judgment but for different reasons: Norman's petition failed to state a claim that is cognizable in habeas corpus.

{¶ 9} To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully * * * or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction." *Stevens v. Hill*, 168 Ohio St.3d 427, 2022-Ohio-2479, 199 N.E.3d 529, ¶ 6. Unless the trial court's judgment

is void for want of jurisdiction, a writ of habeas corpus will not issue when the petitioner has or had an adequate remedy in the ordinary course of the law. *Id.*

{¶ 10} Norman's habeas petition is premised on a single theory of relief. According to Norman, he was indicted in Franklin County for a crime that was committed in Fairfield County. Therefore, he asserts that Franklin County lacked venue or subject-matter jurisdiction.

{¶ 11} "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits, while venue connotes the locality where the suit should be heard." *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). In Norman's case, the trial court had subject-matter jurisdiction over felony cases involving the offenses for which he was indicted. *See Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8; R.C. 2931.03. Thus, Norman attacks the allegedly improper venue of his case and not the subject-matter jurisdiction of the trial court. For this reason, a challenge to venue must be raised on direct appeal and is not cognizable in habeas corpus. *State ex rel. Kerr v. Turner*, 158 Ohio St.3d 241, 2019-Ohio-4760, 140 N.E.3d 723, ¶ 7.

{¶ 12} Norman also challenges the constitutionality of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. 2254(d)(1), alleging that it improperly places time limits on his ability to assert his constitutional due-process rights. But AEDPA is not relevant here: that statute applies to habeas proceedings in federal court. *See* 28 U.S.C. 2254(a).

### III. Conclusion

{¶ 13} Based on the foregoing, we deny Norman's motion for leave to supplement and affirm the judgment of the Fourth District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————

Redan R. Norman, pro se.

Dave Yost, Attorney General, and Lisa K. Browning, Assistant Attorney General, for appellee.

_____