[Cite as *Chester v. Davis*, 2023-Ohio-1629.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| ISAAC CHESTER, | **CASE NO. 2023-T-0013** |
| Petitioner, | |
| - vs - | Original Action for Writ of Habeas Corpus |
| MR. DAVIS, WARDEN, | |
| Respondent. | |

**P E R   C U R I A M**
**O P I N I O N**

Decided:  May 15, 2023
Judgment: Petition dismissed

*Isaac Chester*, pro se, PID# A791-522, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 901, Leavittsburg, OH 44430 (Petitioner).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Jerri L. Fosnaught*, Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1}     This matter is before the court on the petition for a writ of habeas corpus filed by petitioner, Isaac Chester, against respondent, Mr. Davis, Warden, filed on February 13, 2023, and respondent's motion to dismiss filed on March 14, 2023.

{¶2}     This court issued an alternative writ on March 6, 2023, requiring respondent to answer or otherwise plead.  Thereafter, respondent filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.  Subsequently,

Chester moved to "dismiss respondent's motion to dismiss" arguing that respondent provided inaccurate dates pertaining to the plea and sentencing hearings in respondent's motion to dismiss and opposing the merits of respondent's motion to dismiss. Accordingly, Chester's "motion to dismiss" is, in substance, a response to respondent's motion to dismiss.

{¶3} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. When considering a Civ.R. 12(B)(6) motion, we accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5. To grant a motion to dismiss under Civ.R. 12(B)(6), "it must appear beyond doubt that the [petitioner] can prove no set of facts in support of the claim that would entitle the [petitioner] to the relief sought." (Citations omitted.) *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12.

{¶4} Here, in his petition, Chester seeks a writ of habeas corpus, arguing that he is being unlawfully confined as a result of a sentence improperly imposed in an underlying criminal case in the Portage County Court of Common Pleas ("the sentencing court"). In that case, Chester pleaded guilty to one count of failure to comply with an order or signal of a police officer, a third-degree felony, in violation of R.C. 2921.331. On August 11, 2022, the sentencing court issued an entry sentencing Chester to 24 months of imprisonment, to be served consecutively to a sentence Chester was serving at that time.

2

{¶5} In his petition, Chester raises arguments pertaining to the proceedings in the sentencing court as follow: Chester's right to a speedy trial was denied when he was not brought to trial within 90 days of his arrest, his plea was not voluntary, and sentencing was unnecessarily delayed.

{¶6} Respondent argues that Chester's petition should be dismissed because: (1) Chester failed to attach copies of all of his pertinent commitment papers as required under R.C. 2725.04(D) because, although he attached the sentencing entry for the underlying criminal matter, he did not attach commitment papers for robbery and felonious assault convictions originating from a separate case in Cuyahoga County; (2) Chester had an adequate alternative legal remedy to raise his claims; (3) Chester has not yet served the maximum sentence imposed; and (4) Chester failed to fully comply with R.C. 2969.25(C).

{¶7} We agree that Chester had/has adequate alternative remedies at law, and therefore we do not reach the other bases for dismissal advanced by respondent. "[H]abeas corpus will lie only if the petitioner is entitled to immediate release from confinement." *State ex rel. Justice v. State*, Ohio Supreme Court Slip Opinion No. 2023-Ohio-760, ¶ 7 (Mar. 15, 2023), citing *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, 9 N.E.3d 1022, ¶ 14; *see also State ex rel. Norman v. Collins*, Ohio Supreme Court Slip Opinion No. 2023-Ohio-975, ¶ 9 (Mar. 29, 2023), citing R.C. 2725.01; and *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "'Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully * * * or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction.'" *Norman* at ¶ 9, quoting

3

*Stevens v. Hill*, 168 Ohio St.3d 427, 2022-Ohio-2479, 199 N.E.3d 529, ¶ 6. "Unless the trial court's judgment is void for want of jurisdiction, a writ of habeas corpus will not issue when the petitioner has or had an adequate remedy in the ordinary course of the law." *Norman* at ¶ 9, citing *Stevens* at ¶ 6.

{¶8} "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits * * *." *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). Here, the sentencing court had subject-matter jurisdiction over the felony with which Chester was charged. *See* R.C. 2931.03 ("The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."). Chester's arguments advanced in his petition do not relate to the subject matter jurisdiction of the sentencing court, and he had other adequate remedies at law. *See Dunkle v. Dept. of Rehab. & Corr.,* 148 Ohio St.3d 621, 2017-Ohio-551, 71 N.E.3d 1098, ¶ 8 ("Habeas corpus will lie only to challenge the jurisdiction of the sentencing court."); *State ex rel. Hart v. Turner*, 132 Ohio St.3d 479, 2012-Ohio-3305, 974 N.E.2d 87, ¶ 1 (speedy-trial claims are not cognizable in habeas corpus); and *Bell v. McConahay*, Ohio Supreme Court Slip Opinion No. 2023-Ohio-693, ¶ 11 (Mar. 9, 2023), quoting *Douglas v. Money*, 85 Ohio St.3d 348, 349, 708 N.E.2d 697 (1999) ("'the issue of whether [a petitioner] made an intelligent, knowing, and voluntary guilty plea is a matter to be resolved by motion to withdraw the guilty plea, direct appeal, or postconviction proceedings, rather than in habeas corpus.'"). In fact, Chester currently has a delayed appeal pending in this court from the August 11, 2022 sentencing entry, and Chester states that he has a petition for postconviction relief pending in the trial court.

4

Case No. 2023-T-0013

{¶9} Based on the foregoing, we grant respondent's motion to dismiss for failure to state a claim and overrule Chester's "motion to dismiss[.]"

{¶10} The petition is dismissed.


JOHN J. EKLUND, P.J., MATT LYNCH, J., EUGENE A. LUCCI, J., concur.

5