[Cite as *State v. Black*, 2023-Ohio-1730.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2023 CA 00006 |
| ROGER S. BLACK, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of Common Pleas, Case No. 15-CR-705


JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 23, 2023


APPEARANCES:


For Plaintiff-Appellee

JENNY WELLS
Licking County Prosecuting Attorney
Licking County, Ohio

KENNETH W. OSWALT
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

For Defendant-Appellant

ROGER S. BLACK, JR. #729370
Ross Correctional Institution
P.O. Box 7010
Chillicothe, Ohio 45601

*Hoffman, P.J.*

{¶1} Defendant-Appellant, Roger S. Black, Jr., appeals the judgment entered by the Licking County Common Pleas Court denying his motion for leave to file a motion for new trial. Plaintiff-Appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On September 16, 2016, Appellant was convicted following jury trial of two counts of rape in violation of R.C. 2907.02 and two counts of kidnapping with sexual motivation in violation of R.C. 2905.01. Appellant was sentenced to an aggregate term of twenty-six years to life in prison. Appellant's convictions were affirmed on appeal. *State v. Black*, 5th Dist. Licking No. 16-CA-90, 2017 WL 2964192 (July 11, 2017).

{¶3} Appellant filed a delayed motion for new trial on February 23, 2018, alleging the trial court erred in failing to order a mistrial. The trial court overruled the motion, finding the issues were barred by res judicata, as they could have been raised on direct appeal. Judgment Entry, March 13, 2018. On May 14, 2018, Appellant filed a second motion for new trial on the basis of the discovery of new evidence, specifically an affidavit

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

of a witness to rebut a statement made by the prosecutor in closing argument. The trial court overruled the motion, finding Appellant had not demonstrated why, with reasonable diligence, the witness's testimony could not have been discovered and presented at trial. Judgment Entry, September 19, 2019.

{¶4} On June 13, 2022, Appellant filed a motion for leave to file a third motion for new trial pursuant to Crim. R. 33, and simultaneously filed a motion for new trial based on the discovery of new scientific evidence. Appellant based his motion on testimony in an unrelated case, reported in *State v. Winston,* 10th Dist. Franklin No. 16AP-664, 2018-Ohio-2525. The trial court overruled the motion for leave to file a motion for new trial, finding Appellant had not demonstrated he was unavoidably prevented from filing his motion in a timely fashion, and further he had not demonstrated the relevance of the evidence in *Winston* to his case. It is from the December 15, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING

DEFENDANT'S JUNE 13, 2022 NEW TRIAL MOTION, FINDING THAT

DEFENDANT FAILED TO SHOW THAT HE WAS UNAVOIDABLY PREVENTED FROM THE DISCOVERY OF THE RELIED UPON EVIDENCE.

II. TRIAL COURT ABUSED ITS DISCRETION BY CONSIDERING THE MERITS OF THE EVIDENCE PRESENTED BY DEFENDANT FOR REVIEW BEFORE GRANTING LEAVE FOR DEFENDANT TO FILE.

III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT STATED DEFENDANT'S NEWLY DISCOVERED EVIDENCE WAS NOT RELEVANT.

I.

{¶5} In his first assignment of error, Appellant argues the trial court abused its discretion in denying his June 13, 2022 motion for leave to file a new trial motion based on newly discovered evidence.

{¶6} A motion for leave to file a motion for new trial is addressed to the sound discretion of the trial court, and may not be overturned absent an abuse of discretion.

*State v. Townsend*, 10th Dist. Franklin No. 08AP-371, 2008-Ohio-6518. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶7} Crim.R. 33(B) governs a motion for new trial:

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict

was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶8} Pursuant to this Rule, a defendant filing a motion for leave to file a motion for new trial on the basis of newly discovered evidence is required to establish only that he was unavoidably prevented from discovering the evidence on which he seeks to base his motion, and unless and until a trial court grants a defendant leave to file a motion for a new trial, the merits of the new-trial claim are not before the court. *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513. Appellant sought leave to file his motion for new trial well over five years after the verdict was rendered, beyond either time requirement under Crim.R. 33(B). If Appellant's motion was in fact based on newly discovered evidence, he would have to show by clear and convincing evidence he was

unavoidably prevented from discovering the evidence in a timely fashion. However, the trial court based its denial of leave on the more general standard Appellant had not demonstrated he was unavoidably prevented from filing his motion in a timely fashion.

{¶9} While Appellant's motion purported to be based on newly discovered evidence, his motion does not set forth newly discovered evidence in *his* case. Instead, he points to evidence admitted in an unrelated case in Franklin County, and attempts to demonstrate how such evidence, if available and admitted in his own case, might have changed the result. However, information gleaned from case law is not evidence. *See., e.g., State v. Mills*, 73 Ohio App.3d 27, 33, 595 N.E.2d 1045, 1049 (2nd Dist. Montgomery 1991) (The "newly discovered evidence" presented was not evidence at all, but was an opinion rendered by the Ohio Supreme Court). Appellant's affidavit filed in support of his motion for new trial concedes he attempted to obtain an affidavit from the witness who testified in *Winston*, or another qualified expert from BCI, but was unable to obtain such affidavit. Sworn affidavit of Roger Black, July 1, 2022. Therefore, Appellant did not present any evidence to the court in support of his claim of newly discovered evidence, and in fact conceded he was unable to obtain the newly discovered evidence he claims

would have changed the result of his trial.　Because Appellant's motion for new trial was not in fact based on newly discovered evidence, we find the trial court did not err in failing to make a specific finding he was unavoidably prevented from discovering the evidence within the one hundred twenty day period, and instead reviewed the motion for leave under the general standard of whether he was unavoidably prevented from filing his motion.　Appellant's motion for leave did not establish by clear and convincing evidence he was unavoidably prevented from filing his motion in a timely fashion, but instead was filed years after the 2018 decision in *Winston*, and the trial court did not err in overruling the motion on this basis.

{¶10} Further, assuming arguendo Appellant's motion could be construed as being based on newly discovered "evidence," Appellant made no showing he was unavoidably prevented from discovering the evidence within one hundred twenty days of his trial.　The opinion in *Winston* reflects the trial took place from July 25-29, 2016. Appellant's trial took place in September 13-16, 2016.　Therefore, the type of scientific evidence used in the *Winston* case existed at the time of Appellant's trial.　While Appellant may not have been aware of the existence of this type of evidence until reading the

*Winston* case years later, his motion does not demonstrate he was unavoidably prevented from discovering this type of scientific evidence at the time of his trial.

{¶11} We find the trial court did not abuse its discretion in overruling Appellant's motion to leave to file a motion for new trial.

{¶12} The first assignment of error is overruled.

## II., III.

{¶13} Appellant's second and third assignments of error address the trial court's discussion of the merits of his new trial motion. Having found the trial court did not err in overruling his motion for leave to file a motion for new trial, we find the second and third assignments of error to be moot.

{¶14} The second and third assignments of error are overruled. The judgment of

the Licking County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, J. concurs and

King, J. dissents

*King, J. dissents,*

{¶ 15} I respectfully dissent from the majority's opinion.  Based on the record and arguments before us, I agree with the majority and the trial court that appellant would likely lose on the merits.  But in *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 30, the Supreme Court of Ohio stated that such a conclusion would be premature:

When a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave.  *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 41, citing *State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, 2011 WL 828382, ¶ 14.  The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial.

{¶ 16} Because appellant based his motion for new trial on newly discovered evidence, in determining whether or not to grant leave to file the motion, the trial court was required under Crim.R. 33(B) and *Hatton* to determine if appellant was "unavoidably prevented from the discovery of the evidence upon which he must rely."  Instead, the trial court considered appellant's motion under the more general requirement of was he "unavoidably prevented from filing his motion for a new trial."  The trial court has not made

a determination as to whether appellant was "unavoidably prevented from the discovery of the evidence upon which he must rely" under the newly discovered evidence standard.

{¶ 17} Moreover, I disagree with the majority that the merits of the underlying claim are an appropriate matter to opine on at this step. In *Hatton*, the Supreme Court was explicit that Crim.R. 33(B) is a two-step procedure. *Id.* at ¶ 32. The Supreme Court stated the merits are only considered at the second step: "Unless and until a trial court grants a defendant leave to file a motion for a new trial, the merits of the new-trial claim are not before the court." *Id.* at ¶ 33. Thus, I would conclude that we should remand the matter to the trial court for consideration of the motion for leave consistent with *Hatton*. Accordingly, I dissent.