[Cite as *State v. Stephens*, 2025-Ohio-4486.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00044 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2020-CR-00364 |
| ANTOINE STEPHENS | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: September 26, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; David M. Gormley, Appellate Judges

**APPEARANCES:** KENNETH OSWALT, for Plaintiff-Appellee; ANTOINE STEPHENS, INMATE #789-184, for Defendant-Appellant.

*King, J.*

{¶ 1} Defendant-Appellant, Antoine Stephens, appeals the June 9, 2025 judgment entry of the Licking County Court of Common Pleas denying his motion for leave to file a delayed motion for new trial. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 30, 2020, the Licking County Grand Jury indicted Stephens on one count of aggravated drug trafficking (methamphetamine) with forfeiture specifications in violation of R.C. 2925.03. Stephens was stopped in his vehicle and arrested after a recorded drug buy with a confidential informant. A passenger in the vehicle, Dwight Gales, was also arrested. Gales told an officer the drugs belonged to him.

{¶ 3}   A jury trial commenced on August 17, 2021.  The confidential informant did not testify as he was murdered prior to trial.  Based upon the evidence presented, the jury found Stephens guilty as charged.  By judgment entry filed August 19, 2021, the trial court sentenced Stephens to an indefinite mandatory prison term of eleven to sixteen and one-half years in prison.  His conviction was upheld on appeal.  *State v. Stephens,* 2022-Ohio-2944 (5th Dist.).

{¶ 4}   On January 11, 2024, Stephens filed a motion for new trial, claiming in part that Gales should have been called to testify at his trial.  By judgment entry filed January 16, 2024, the trial court denied the motion as untimely under Crim.R. 33(B).  An appeal was taken (Case No. 2024 CA 00015), but dismissed for want of prosecution.  Judgment Entry filed June 26, 2024.

{¶ 5}   On February 14, 2025, Stephens filed a motion for leave to file a motion for new trial pursuant to Crim.R. 33(b), claiming new evidence that was not known during the trial would have changed the outcome of the trial i.e., the codefendant (Gales) admitted the drugs and drug-buy cellphone found in the vehicle belonged to him, not Stephens.  The State filed a response in opposition, arguing Stephens's trial counsel elicited on cross-examination of a detective that Gales admitted to him that the drugs found in the vehicle belonged to him, and Stephens decided not to call Gales as a witness to testify.  By judgment entry filed April 24, 2025, the trial court first found there was no Crim.R. 33(b), but there was a Crim.R. 33(B), which states that motions for new trial on account of newly discovered evidence shall be filed within 120 days after the day upon which the verdict was rendered unless, by clear and convincing proof, the defendant was unavoidably prevented from the discovery of the evidence; then such motion shall be filed

within seven days from an order of the court finding that the defendant was unavoidably prevented from discovering the evidence within the 120-day period. The trial court went on to find the motion was filed well outside the 120-day period as the verdict was rendered in August 2021, and Stephens was not unavoidably prevented from discovering the evidence as it was available at the time of trial and within his ability and knowledge to use, but he elected not to do so. The trial court found no new evidence was presented and denied the motion. No appeal was taken.

{¶ 6} On June 5, 2025, Stephens filed a motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33(A)(1), (2), (3), and (5), claiming ineffective assistance of trial counsel and lack of substantive due process due to fraud, stemming from the failure to call Gales as a witness. By judgment entry filed June 9, 2025, the trial court denied the motion on the same basis as the April 24, 2025 denial.

{¶ 7} Stephens filed an appeal with the following assignments of error:

I

{¶ 8} "THE TRIAL COURT DENIED APPELLANT SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE 1ST, 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS WHEN IT DEFIED THE OHIO SUPREME COURT AND FAILED TO PROVIDE ITS FINDINGS OF FACTS AND CONCLUSIONS OF LAW WHEN IT DISCOUNTED THE CREDIBILITY OF A SWORN AFFIDAVIT FILED IN SUPPORT OF APPELLANT'S MOTION FOR A NEW TRIAL."

## II

{¶ 9} "APPELLANT SUBMITS THAT THE TRIAL COURT DENIED HIM SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN IT ORIGINALLY CONSIDERED APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT, RIGHT TO COMPETENT LEGAL ASSISTANCE."

## III

{¶ 10} "APPELLANT ASSERTS THAT THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED HIM SUBSTANTIVE DUE PROCESS OF THE LAW UNDER THE 1ST, 5TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN IT IMPROPERLY APPLIED THE DOCTRINE OF RES-JUDICATA AS ITS ESCAPE FROM HAVING TO ADMINISTER JUSTICE."

## I, II, III

{¶ 11} Stephens claims the trial court erred in denying his motion for leave to file a delayed motion for new trial under Crim.R. 33(A). We disagree.

{¶ 12} A motion for leave to file a motion for new trial is addressed to the sound discretion of the trial court, and a trial court's ruling will not be overturned absent an abuse of discretion. *State v. Townsend*, 2008-Ohio-6518 (10th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one

backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 13} At the outset, we note the trial court never applied the doctrine of res judicata to Stephens's motion, but denied it on the basis of the reasoning set forth in the April 24, 2025 judgment entry.

{¶ 14} Stephens made his third motion for leave to file a motion for new trial under Crim.R. 33(A)(1), (2), (3), and (5) which state:

**(A) Grounds.** A new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(5) Error of law occurring at the trial.

{¶ 15} Subsection (B) states:

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

{¶ 16} Because Stephens's filing was untimely, he was required to prove by clear and convincing proof that he "was unavoidably prevented from filing his motion for a new trial" and then file his motion within seven days from the trial court's order. Crim.R. 33(B). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶ 17} In his third motion, Stephens claimed ineffective assistance of trial counsel and lack of substantive due process due to fraud, arguing once again that Gales should have been called to testify on his behalf. Stephens also put forth a confusing argument

that the prosecutor and his trial counsel should have pointed out a detective's contradictory testimony: during a suppression hearing, the detective testified he spoke to Stephens on the cell phone, but during the trial, he testified the individual on the cell phone never identified themselves by name. Stephens did not make any argument as to why he was unavoidably prevented from filing his motion for a new trial in a timely manner. His purported sworn affidavit and arguments in his motion and appellate brief go to the merits of the motion which is not before this court for review. *State v. Hatton*, 2022-Ohio-3991, ¶ 33 ("Unless and until a trial court grants a defendant leave to file a motion for a new trial, the merits of the new-trial claim are not before the court"); *accord State v. King,* 2023-Ohio-1961, ¶ 36 (5th Dist.).

{¶ 18} The trial court denied Stephens's motion "[o]n the basis of the judgment entry filed on April 24, 2025." Judgment Entry filed June 9, 2025. In the April 24, 2025 judgment entry, the trial court found Stephens did not demonstrate by clear and convincing proof, under the more specific requirement, that he was unavoidably prevented from the discovery of the evidence upon which he must rely as the evidence was available at the time of his trial. Although the trial court did not make a finding under the more general requirement that he did not demonstrate by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial, we find the trial court did not abuse its discretion in denying the third motion. *See generally State v. Black,* 2023-Ohio-1730, ¶ 16 (King, J., dissenting). If Stephens did not meet the more specific requirement for newly discovered evidence, he also failed to meet the more general requirement under Crim.R. 33(B) as he did not present any evidence as to why he was unavoidably prevented from filing his motion for a new trial in a timely manner.

{¶ 19} Upon review, we find the trial court did not abuse its discretion in denying Stephens's motion for leave to file a delayed motion for new trial.

{¶ 20} Assignments of Error I, II, and III are denied.

{¶ 21} For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is AFFIRMED.

{¶ 22} Costs to Appellant.

By: King, J.

Baldwin, P.J. and

Gormley, J. concur.