**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martens v. Findlay*, Slip Opinion No. 2025-Ohio-5589.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5589

THE STATE EX REL. MARTENS, APPELLANT, *v.* THE CITY OF FINDLAY ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martens v. Findlay*, Slip Opinion No. 2025-Ohio-5589.]**

*Mandamus—Relator lacked standing to bring action seeking to compel city to comply with tax ordinances and to enjoin its tax-collection efforts in that he had failed to allege an actual injury fairly traceable to city's conduct that was personal to him rather than to taxpaying public in general—Court of appeals' judgment granting city's motion to dismiss affirmed.*

(No. 2025-0104—Submitted September 16, 2025—Decided December 18, 2025.)

APPEAL from the Court of Appeals for Hancock County, No. 5-24-08.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, George Martens, appeals the judgment of the Third District Court of Appeals dismissing the second amended complaint for a writ of mandamus he filed against appellees, the City of Findlay and numerous municipal employees (collectively, "the city").[1]  Martens alleged that the city had failed to comply with applicable municipal income-tax statutes, and he argued that it should be prohibited from commencing tax-collection efforts against him and all other delinquent municipal taxpayers.  The Third District dismissed the action, concluding that Martens lacked standing and that his claims were not cognizable in mandamus.  In addition to appealing the judgment of dismissal, Martens moves to supplement the record and requests oral argument.

{¶ 2} For the reasons explained below, we affirm the Third District's judgment and deny Martens's motion to supplement the record and his request for oral argument.

## I.  BACKGROUND

{¶ 3} Martens is a taxpayer in the City of Findlay.  The current appeal follows at least four judgments adverse to Martens that this court and the Third District have issued in related actions, all of which arose from the same facts involving Findlay's suit against him in small-claims court for unpaid taxes owed for 2013 through 2015.  *See Findlay v. Martens*, 2022-Ohio-4146 (3d Dist.) ("*Martens I*"), *appeal not accepted*, 2023-Ohio-1326; *State ex rel. Martens v. Findlay*, 2022-Ohio-4268; *Martens v. Price*, 2023-Ohio-4359 (3d Dist.), *appeal not*

---

1. The appellees in this case are the City of Findlay and the following municipal employees: Mayor Christina Muryn; Tax Administrator Mary Price; tax-department employees Tonja Stillberger and Melanie Donaldson; Law Director Don Rasmussen; Auditor Jim Staschiak II; Treasurer Susan Hite; and city-council members John Harrington, Holly Frische, Dennis Hellman, Beth Warnecke, Dan DeArment, Brian Bauman, Jim Niemeyer, Joshua Palmer, Grant Russel, Randy Greeno, and Jeff Wobser.

*accepted*, 2024-Ohio-1974; *State ex rel. Martens v. Findlay Mun. Court*, 2024-Ohio-5667 ("*Martens IV*").

{¶ 4} Martens filed the current mandamus action in March 2024. In his second amended complaint, he alleged that the city had failed to comply with applicable municipal income-tax statutes, *see* R.C. Ch. 718, and he argued that it should be enjoined from commencing any tax-collection efforts against him and all other delinquent municipal taxpayers. Martens asserted that Findlay had filed fraudulent tax complaints at various unspecified times against various unidentified individuals and entities. He asked the Third District to enjoin the city from engaging in unlawful tax-collection efforts and to compel the city to comply with its tax ordinances.

{¶ 5} Martens did not allege that any tax complaint was pending against him, nor did he allege a specific injury. Rather, he claimed injury as a Findlay taxpayer. He further averred that his mandamus action was brought under "the public right Doctrine on behalf of all taxpayers, being of great public interest in that municipal taxation is a state wide issue and all municipalities must follow ORC 718 if they incorporated such into their tax ordinances."

{¶ 6} The city moved to dismiss Martens's mandamus action. The Third District granted the motion under Civ.R. 12(B)(6), holding that Martens had lacked standing to bring the action, had failed to state a claim cognizable in mandamus, and could not establish his entitlement to mandamus relief.

{¶ 7} Martens has appealed to this court as of right. In addition, he filed a motion to supplement the record, asking us to add to the record a third amended complaint, which the Third District previously denied him leave to file. He also has requested oral argument.

## II.  ANALYSIS

### A.  Motion to Supplement Record

{¶ 8} In his motion to supplement the record, Martens asks that we admit his proposed "third amended complaint," which he contends was filed in the Third District along with his motion for leave to file it.  He asserts that the Third District clerk of courts omitted it from the record transmitted to this court.  Attached to his motion to supplement is an 89-page exhibit purporting to be the motion for leave and the third amended complaint he claims to have filed below.  The exhibit does not include a file stamp showing that the third amended complaint was filed in the Third District.  The Third District denied Martens leave to file the third amended complaint, a decision he now appeals.  Martens claims that the third amended complaint is important to the appeal because it demonstrates his attempt to cure any defects in the second amended complaint.

{¶ 9} Martens is correct that the record transmitted by the Third District does not include his proposed third amended complaint.  However, there is no evidence that he filed this document.  The Third District clerk certified that the record was transmitted to this court.  The certified copy of the docket documents the filing of the motion for leave but not the proposed third amended complaint.  The attached index, which "lists all items included in the record," does not list the proposed third amended complaint or any other exhibit to the motion for leave.  Moreover, the city noted in its brief in opposition to the motion for leave that the proposed third amended complaint apparently was not "entered as a filing on the Court's electronic docket" and that the city did "not know whether [Martens] ha[d] attempted to file or submit that document to the Court."  Because there is no evidence that Martens filed his proposed third amended complaint in the Third District, it is not part of the record on appeal.

{¶ 10} S.Ct.Prac.R. 15.08 governs supplementation of the record on appeal.  The rule provides:

> If any part of the record is not transmitted to the Supreme Court but is necessary to the Supreme Court's consideration of the questions presented on appeal, the Supreme Court, sua sponte or on motion of a party, may direct that a supplemental record be certified and transmitted to the Clerk of the Supreme Court in accordance with Rule 15.03(B).

Here, the evidence contradicts Martens's assertion that the Third District clerk failed to transmit part of the record to this court, showing instead that the proposed third amended complaint was never part of the record. Therefore, S.Ct.Prac.R. 15.08 does not apply. And as we have explained, "[a] litigant is not permitted to add evidence to the record for the first time on appeal." *State ex rel. Norman v. Collins*, 2023-Ohio-975, ¶ 6. Because Martens's motion to supplement constitutes an improper attempt to add evidence to the record, we deny it.

### B. Request for Oral Argument

{¶ 11} Martens requests oral argument in his merit brief. This case—an appeal of right from the Third District—does not fall into the category of cases in which this court regularly holds oral argument. *See* S.Ct.Prac.R. 17.01. However, we have discretion to order oral argument in appeals of right at the request of a party. *See* S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider whether the case involves complex issues, a matter of great public importance, a substantial constitutional issue, or a conflict among courts of appeals. *Boler v. Hill*, 2022-Ohio-507, ¶ 14. Because this case does not involve any of these situations, we deny the request for oral argument.

### C. Appeal of Third District's Dismissal of Mandamus Action

{¶ 12} Martens primarily challenges the Third District's conclusion that he lacked standing to bring his mandamus action. His merit brief asserts eight

assignments of error and approximately 45 additional issues that he wants this court to address.[2] Seven of the assignments of error attempt to show that Martens had standing, and one contests the Third District's denial of his request for leave to file a third amended complaint.

### 1. The Trial Court Did Not Abuse Its Discretion in Denying Martens Leave to File a Third Amended Complaint

{¶ 13} As a preliminary matter, we address Martens's claim that the Third District erred in denying his motion for leave to file a third amended complaint. Although Martens's notice of appeal does not refer to the order denying his motion for leave, such interlocutory orders are merged into the final judgment and may be appealed as part of the final judgment. *See Navistar, Inc. v. Testa*, 2015-Ohio-3283, ¶ 38 ("'Interlocutory orders . . . are merged into the final judgment,' with the result that 'an appeal from the final judgment includes all interlocutory orders merged with it'" [omission in original]), quoting *Grover v. Bartsch*, 2006-Ohio-6115, ¶ 9 (2d Dist.). Therefore, the order may be considered as part of this appeal.

{¶ 14} After the city filed its motion to dismiss his second amended complaint, Martens moved for leave to file a third amended complaint under Civ.R. 15(B). Civ.R. 15(B) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Martens contended that he should have been permitted to file a third amended complaint under Civ.R. 15(B) because the city had submitted new evidence by including a citation to *Martens I* in its motion

---

2. The appendix to Martens's brief consists of an "Exhibit S," which contains two letters he purportedly received from the Office of the Ohio Attorney General. These letters, dated January 24 and February 22, 2025, post-date the Third District's judgment of dismissal and are not part of the record. S.Ct.Prac.R. 16.09(A) permits an appellant to file "a supplement to the briefs that contains those portions of the record necessary to enable the Supreme Court to determine the questions presented." However, this rule does not authorize a party to add to the record documents that were not presented to the lower court. *Norman* at ¶ 6. Because the documents contained in the appendix are not part of the record, we disregard them.

to dismiss. We conclude that this argument lacks merit for two reasons. First, Civ.R. 15(B) allows the amendment of a complaint to conform to the evidence admitted at trial and does not apply in a case in which there has been no trial. *See Disciplinary Counsel v. Reinheimer*, 2020-Ohio-3941, ¶ 14, citing *State ex rel. Evans v. Bainbridge Twp. Trustees*, 5 Ohio St.3d 41, 44 (1983). Second, neither a case citation nor information contained in the cited opinion constitutes new evidence. *State v. Black*, 2023-Ohio-1730, ¶ 9 (5th Dist.). Therefore, the Third District correctly found that Martens had failed to set forth good cause under Civ.R. 15(B) for granting the motion for leave.

### 2. Martens Lacked Standing

{¶ 15} The Third District dismissed Martens's mandamus action under Civ.R. 12(B)(6) for lack of standing. This court reviews de novo a court of appeals' dismissal under that rule. *State ex rel. Ames v. Portage Cty. Bd. of Revision*, 2021-Ohio-4486, ¶ 8; *see also State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 2012-Ohio-1861, ¶ 10 (whether a party has standing to bring an action is a question of law that this court reviews de novo). Standing concerns "whether a litigant is entitled to have a court determine the merits of the issues presented." *Ohio Contrs. Assn. v. Bicking*, 1994-Ohio-183, ¶ 10. A party must establish standing to sue before a court will consider the merits of the claim. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 27.

{¶ 16} To have standing, a plaintiff must show an actual injury fairly traceable to the defendant's conduct and that the injury is likely to be redressed by the requested relief. *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 7. In a mandamus case, that means that the relator must show that he "'would be directly benefitted or injured by a judgment in the case.'" *State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.*, 2019-Ohio-5160, ¶ 9, quoting *State ex rel. Sinay v. Sodders*, 1997-Ohio-344, ¶ 9. And the injury must be personal—that is, the plaintiff or relator must suffer a particular harm, not the general harm that may

be suffered by the public at large. *See ProgressOhio.org* at ¶ 7 ("standing depends on whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case"); *State ex rel. Masterson v. Ohio State Racing Comm.*, 162 Ohio St. 366, 368 (1954) (for traditional standing, a taxpayer must have "some special interest . . . by reason of which his own property rights are put in jeopardy. In other words, private citizens may not restrain official acts when they fail to allege and prove damage to themselves different in character from that sustained by the public generally.").

{¶ 17} Here, Martens alleged that Findlay filed fraudulent tax complaints against various unspecified taxpayers. But he did not set forth any facts showing that he himself was a party to any tax-collection lawsuit filed by Findlay that was pending when he initiated this action. Nor did he set forth any facts showing that he personally suffered or was threatened with any direct and concrete injury. In his brief, Martens relies on *Preterm-Cleveland, Inc. v. Kasich*, 2016-Ohio-4859, ¶ 25 (8th Dist.), for the proposition that an injury need only be palpable or minimal for a taxpayer to have individual standing. He claims that he was injured by the city's tax-collection efforts against him because he had to go to storage facilities to obtain tax records and spend time and money to submit Freedom of Information Act requests, *see* 5 U.S.C. 552. However, we reversed the Eighth District's judgment in *Preterm-Cleveland* on appeal, holding that the litigant seeking to challenge a legislative enactment lacked standing because it had failed to demonstrate that "it ha[d] suffered or [been] threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general," notwithstanding its "unsubstantiated, conclusory averments." 2018-Ohio-441, ¶ 22, 31. Because Martens failed to allege an actual injury fairly traceable to the city's conduct that was personal to him rather than to the taxpaying public in general, he did not show that he would be directly benefitted or injured by a judgment in this case. Therefore, he did not establish individual standing to bring his mandamus action.

{¶ 18} Martens additionally contends that he has standing under the public-right doctrine outlined in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 1999-Ohio-123. The public-right doctrine represented "an exception to the personal-injury requirement of standing." *Id*. at ¶ 132. However, in a previous mandamus action brought by Martens, we expressly overruled the *Sheward* public-right doctrine as "contrary to our deeply rooted standing requirement and the Ohio Constitution." *Martens IV*, 2024-Ohio-5667, at ¶ 3.

{¶ 19} Because Martens lacked standing to bring his mandamus action, the Third District correctly granted the city's motion to dismiss his second amended complaint. We do not reach the court's other grounds for dismissal.

### III. CONCLUSION

{¶ 20} For the reasons explained above, we affirm the judgment of the Third District Court of Appeals dismissing Martens's mandamus action, and we deny his motion to supplement the record and his request for oral argument.

Judgment affirmed.

_____

George Martens, pro se.

Spengler Nathanson, P.L.L., Jennifer A. McHugh, and Sarah K. Skow, for appellees.

_____